IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEITH A. WILLIAMS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:25-00058-JB-MU |
| | ) |
| X CORP., | ) |
| | ) |
|         Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant X Corp.'s ("Defendant") Motion to Transfer Venue to the United States District Court for the Northern District of Texas, based on a forum selection clause in a contract executed by the parties. (Doc. 20). Plaintiff Keith Williams ("Plaintiff") has filed three Responses as well as a Affidavit opposing the Motion to Transfer and Defendant has filed a Reply.[1] (Docs. 21, 22, 25, 26 and 28). For the reasons set out herein, the Court concludes the Motion to Transfer is due to be **GRANTED**.

**I.    BACKGROUND**

Plaintiff alleges he was a "registered user" of Defendant X Corp.'s (formally Twitter, Inc.) social media platform. (Doc. 1). Plaintiff states he "performed all obligations under" a contract with Defendant, "by adhering to Defendant's terms of service" ("Terms of Service"). (*Id.*). The

---

[1] Plaintiff represents himself in this matter. The Court notes that, "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). "However, this leniency does not give a court a license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 Fed.Appx. 635, 637 (11th Cir. 2015) (citation omitted).

Complaint alleges the "personal information of [Defendant's] users" was compromised, including his own, in an alleged data breach in January 2023. (*Id*.). Based on these allegations, Plaintiff brings claims of negligence and breach of contract against Defendant, seeking both compensatory and punitive damages. (*Id*.).

Defendant's Terms of Service, affirmatively referenced in Plaintiff's Complaint and included as an exhibit to Defendant's Response, governed Plaintiff's "and other users' access to and use of [Defendant's] services[.]"[2] (Docs. 1 and 20-1).  By using Defendant's services, Plaintiff agreed to be bound by the Terms of Service.  (Doc. 20-1).

The Terms of Service include the following forum selection clause:

> The laws of the State of Texas, excluding its choice of law provisions, will govern these Terms and any dispute that arises between you and us, notwithstanding any other agreement between you and us to the contrary. All disputes related to these Terms or the Services, including without limitation disputes related to or arising from other users' and third parties' use of the Services and any Content made available by other users and third parties on the Services, will be brought exclusively in the U.S. District Court for the Northern District of Texas or state courts located in Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum. Without prejudice to the foregoing, you agree that, in its sole discretion, X may bring any claim, cause of action, or dispute we have against you in any competent court in the country in which you reside that has jurisdiction and venue over the claim. To the extent permitted by law, you also waive the right to

---

[2] Defendant asked that the Court take judicial notice of its website and its published Terms and Conditions. *Hudson v. Pennsylvania Life Ins. Co.*, No. CV-12-S-2225-NE, 2013 WL 3242877, at *9 (N.D. Ala. June 21, 2013) (taking judicial notice of information from website). Courts routinely take judicial notice of social media platforms' terms of services. *See Capua v. Air Europa Lineas Aereas S.A. Inc.*, 2021 WL 965500, at *2 (S.D. Fla. Mar. 15, 2021) (taking judicial notice of an archived copy of Expedia's terms of use obtained from Internet Archive's Wayback Machine); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of Twitter's terms of service). In addition, X Corp.'s Terms of Service have been incorporated by reference into Plaintiff's Complaint, which alleges that "Plaintiff performed all allegations under the contract by adhering to Defendant's terms of service." Doc. 1 at 2. *Hines v. Midland Mortg. Co.*, 2023 WL 2933343, at *3 (N.D. Ga. Feb. 22, 2023) (taking judicial notice of the security deed at issue because its authenticity is "undisputed by Plaintiff and is central to her claims"); *Williamson v. Bank of Am., N.A.*, 2015 WL 11517083, at *4 (N.D. Ga. June 8, 2015), report & recommend. adopted as modified, 2015 WL 11605553 (N.D. Ga. July 13, 2015) ("The foreclosure notice is central to Plaintiff's claims, and Plaintiff does not dispute the authenticity of the notice").

> participate as a plaintiff or class member in any purported class action, collective action or representative action proceeding.

Terms of Service, effective November 15, 2024 at Section 6. (Doc. 20-1, https://x.com/en/tos (last visited October 1, 2025)).

## II.   LEGAL STANDARD

A forum selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." "[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59-60 (internal quotation marks omitted). Thus, "when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

## III.   ANALYSIS

The question before this Court is weather Plaintiff's claims are due to be transferred to the Northern District of Texas under Defendant's Terms of Service forum selection clause. This Court agrees with Defendant and finds that the forum selection clause is (1) is valid, (2) enforceable, and (3) encompasses all of Plaintiff's claims. The Court will review each element.

### A.   Defendant's Forum Selection Clause Is Valid.

Defendant characterizes the forum selection clause in its Terms of Service as a "mandatory" forum selection clause. This Court agrees. A "[m]andatory forum-selection clauses

3

are 'presumptively valid and enforceable' absent a 'strong showing that enforcement would be unfair or unreasonable under the circumstances.'" *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)), abrogated on other grounds by *Atl. Marine*, 571 U.S. 49. "[A] mandatory clause . . . dictates an exclusive forum for litigation under the contract." *Slater*, 634 F.3d at 1330. "A permissive clause," by contrast, "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Id*.

The Court agrees that Defendant's forum selection clause is mandatory because it states that any claims "will be brought exclusively in the U.S. District Court of the Northern District of Texas or state courts located in Tarrant County, Texas, United States." (Doc. 20-1); *see also SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. CV 1:19-00333, 2019 WL 13217861, at *2 (S.D. Ala. Sept. 26, 2019) (forum selection clause stating that any dispute "shall be brought or otherwise commenced exclusively" in Delaware court was mandatory); *Sunil Gupta, M.D., LLC v. Lauten*, No. CV 1:17-00136, 2018 WL 719049, at *4 (S.D. Ala. Jan. 12, 2018) (forum selection clause stating that any dispute "will be resolved" by the chosen forum was mandatory). Defendant's forum selection clause dictates that the "exclusive forum" for litigation arising under the Terms of Service is the federal or state courts of Texas–not this Court. *See Slater*, 634 F.3d at 1330–31. Plaintiff offers nothing in his Responses contradicting this conclusion. (Docs. 21, 22, 25, 26 and 28).

A mandatory forum selection clause may be invalidated only when "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4)

4

enforcement of the clause would contravene public policy." Id. None of these circumstances are present here.

As an initial matter, there is no suggestion Plaintiff's agreement to the forum selection clause was "induced by fraud or overreaching." *SC Am., LLC v. Marco's Franchising, LLC*, No. 1:22-CV-00610, 2022 WL 1785255, at *3 (N.D. Ala. June 1, 2022) (enforcing choice of law clause where "there is no evidence before the court indicating that the clause was procured by fraud, duress, or the like."). Plaintiff has voluntarily agreed to the forum selection clause when he created and continued to use his X account, as he concedes by stating in the Complaint that he "performed all obligations under the contract by adhering to [X Corp.'s] terms of service." (Doc. 1); *see also Franklin v. Facebook, Inc.*, 2015 WL 7755670, at *2 (N.D. Ga. Nov. 24, 2015) (no fraud or overreach where plaintiff agreed to Facebook's terms of use containing forum selection clause when he created his account); *Don't Tread On Us, LLC v. Twitter, Inc.*, 2023 WL 7277183, at *4 (S.D. Fla. May 19, 2023) (finding Twitter, Inc.'s Terms of Service's forum selection clause "valid and enforceable").

Second, the Court finds that litigating in the Northern District of Texas will not be so inconvenient or unfair such that Plaintiff would be deprived his day in court. *See P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) ("The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause"); *see also Romar House Ass'n, Inc. v. CenturyLink Sales Sols., Inc.*, No. CV 21-00115, 2021 WL 5534698 at *3 n.1 (S.D. Ala. May 6, 2021) ("venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors."); *Flowers v. TBS Factoring Servs., LLC*, No. 2:23-CV-652-MHT-CWB, 2024 WL 4284241, at *4 (M.D. Ala. July 12,

2024), report and recommendation withdrawn on other grounds, No. 2:23CV652-MHT, 2024 WL 4282079 (M.D. Ala. Sept. 24, 2024); *see also Cleveland v. Kerzner Int'l Resorts, Inc.*, 2015 WL 5695276, at *5 (S.D. Fla. Sept. 29, 2015) (litigating in the Bahamas would not deprive plaintiffs of their day in court), aff'd, 657 F. App'x 924 (11th Cir. 2016).

Third, the Court agrees Plaintiff would not be deprived of a remedy under Texas law because, under the Relevant Terms' choice-of-law provision, Plaintiff agreed that Texas law applied to his claims. *See Rucker v. Oasis Legal Fin., LLC*, 632 F.3d 1231, 1237 (11th Cir. 2011) (chosen law would not deprive plaintiff of a remedy because "[r]egardless of whether this action is litigated in a courthouse in Illinois or Alabama, the court will apply Alabama law" under choice-of-law clause). Both of Plaintiff's claims here—breach of contract and negligence—can be asserted under Texas law. *See, e.g., Fed. Deposit Ins. Corp. v. Williams*, 779 F. Supp. 63, 64 (N.D. Tex. 1991) (addressing breach of contract and negligence claims under Texas law).

Finally, "forum-selection clauses are not against Alabama public policy." *Flowers v. TBS Factoring Servs., LLC*, No. 2:23-CV-652, 2024 WL 5374894, at *3 (M.D. Ala. Dec. 31, 2024) (citing Ex parte PT Sols. Holdings, LLC, 225 So. 3d 37, 44 (Ala. 2016)) (enforcing forum selection clause). The Court finds that Defendant's forum selection clause is valid. *See Dailey v. Berkowitz*, No. 2:19-CV-352, 2020 WL 109461, at *4 (N.D. Ala. Jan. 9, 2020) (enforcing forum selection clause in transferring action to Florida); *SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, No. CV 1:19-00333, 2019 WL 13217861, at *5 (S.D. Ala. Sept. 26, 2019) (enforcing forum selection clause because "the Alabama Supreme Court noted that 'the legislature has the authority to enact a statute that would prohibit the enforcement of forum selection clauses' if and when it chooses to do so.") (citing *Prof'l Ins. Corp. v. Sutherland*, 700 So. 2d 347, 351 (Ala. 1997)).

### B. Defendant's Forum Selection Clause Is Enforceable and Is Not Subject to Any Public Interest Exceptions.

A valid forum selection clause will be enforced unless the nonmoving party shows enforcement is "unwarranted" based on the following public interest factors: (1) "the administrative difficulties flowing from court congestion," (2) "the local interest in having localized controversies decided at home," and (3) "the difficulty in determining applicable law and applying foreign law." *Usme v. CMI Leisure Mgmt., Inc.*, 106 F.4th 1079, 1086 (11th Cir. 2024). "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 51; *see also Usme*, 106 F.4th at 1086 ("[T]he existence of a valid and enforceable forum-selection clause is essentially dispositive . . ..").

Plaintiff has not shown that any—much less all—of the relevant public interest factors that would make enforcing Defendant's forum selection clause unwarranted are present here. Specifically, Plaintiff has not shown this is an "unusual case" where an agreed-upon forum selection clause should not be enforced. There is no suggestion the Northern District of Texas is afflicted with administrative difficulties from court congestion. This case does not involve a "localized" controversy, since Plaintiff's claims are premised on online conduct, *i.e.*, the alleged breach of Plaintiff's data provided to Defendant. (Doc. 1); *see also Turro v. Advanta IRA Admin., LLC*, 2019 WL 5727584, at *5 (M.D. Ga. Nov. 5, 2019) ("This case arises out of the remote interception of an email and 'stolen' electronic banking transfers that could hardly be considered 'localized' in this area."). In fact, a Texas court likely would be more familiar with applying Texas law, as required under Defendant's choice of law clause. (*See* Doc. 20-1); *see also Dailey v. Berkowitz*, No. 2:19-CV-352, 2020 WL 109461, at *4 (N.D. Ala. Jan. 9, 2020) (action should be

7

transferred to the forum that is "at home with" the governing law); *Turro*, 2019 WL 5727584, at *5 ("Under the contract, Kansas law will govern the dispute . . .. [C]ourts in Kansas are more familiar with Kansas law . . ..").

The Court finds Defendant's forum selection clause is enforceable and is not subject to any public interest exceptions. *See Trump v. Twitter, Inc.*, 2021 WL 8202673, at *5 (S.D. Fla. Oct. 26, 2021) (collecting cases where Twitter's Terms of Service's forum selection clause was enforced).

### C. Defendant's Forum Selection Clause Encompasses All of Plaintiff's Claims.

This Court agrees with Defendant that the forum selection clause addresses all of Plaintiff's claims. "To determine if a forum-selection clause encompasses a particular type of claim, [courts] look to its language." *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559 (11th Cir. 2016). "The Eleventh Circuit has given broad interpretation to forum selection clauses … language [covering 'all disputes'] is broad and is not merely limited to contract actions." *David's Auto Shredding, Inc. v. Shredder Co., LLC*, No. CIV.A. 08-00410, 2009 WL 8478359, at *2 (S.D. Ala. Mar. 24, 2009), report and recommendation adopted, No. CIV.A. 08-0410, 2011 WL 4915155 (S.D. Ala. Oct. 17, 2011); *see also Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (forum selection clause applied to warranty, fraud, and antitrust claims).

Defendant's forum selection clause applies to "[a]ll disputes related to these Terms or the Services." (Doc 20-1). This broad language encompasses Plaintiff's claims for negligence and breach of contract, both of which are "related to" the Terms and Plaintiff's use of the "Services," since Plaintiff alleges his use of Defendant's platform caused his personal information to be compromised. (Docs. 1, 20-1); *see David's Auto Shredding*, 2009 WL 8478359, at *3 (provision

8

covering "all disputes" encompassed fraud claim); *see also Infectious Disease Sols., PC v. Synamed*, 2007 WL 2454093, at *2 (N.D. Ga. Aug. 23, 2007) (forum selection clause that covered "all proceedings related to the subject matter" of the parties' agreement encompassed breach of contract, fraud, conversion and civil RICO claims); *Digital Envoy, Inc. v. Google, Inc.*, 319 F. Supp. 2d 1377, 1380 (N.D. Ga. 2004) (forum selection clause that covered "[a]ny lawsuit regarding" the parties' agreement encompassed tort claims).

### IV.     CONCLUSION

Because the Court finds that Defendant's forum selection clause is valid, enforceable, and encompasses all of Plaintiff's claims, this case will be transferred to the United States District Court for the Northern District of Texas under the forum selection clause in Defendant's Terms and Conditions.

**DONE and ORDERED** this 1st day of October, 2025.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE